**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JAYN ROBISON                                CIVIL ACTION NO. 05-1581

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

CARDIOLOGY ASSOCIATES, L.L.C.               MAGISTRATE JUDGE HORNSBY

**ORDER**

Before the Court is a Motion for Summary Judgment (Record Document 8) filed by Defendant Cardiology Associates, L.L.C. ("Cardiology Associates"). Plaintiff Jayn Robison ("Robison") opposes the Motion for Summary Judgment (Record Document 16).

After reviewing the summary judgment record, the Court finds that genuine issues of material fact exist in this case and summary judgment is not appropriate at this early stage of the proceedings. Specifically, there are genuine issues of material fact as to when Robison first published the collection letters ("the letters") at issue in this lawsuit and whether the letters referenced in the certificate of registration are, in fact, the letters at issue in this lawsuit.

Title 17, United States Code, Section 410(c) provides:

In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

Robison has presented her certificate of registration, dated September 28, 1990. See Record Document 16, Exhibit 9. Thus, under section 410(c), such certificate constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate,

if September 28, 1990 is before or within five years after first publication of the letters that are the subject of this copyright infringement suit. Cardiology Associates maintains, based on Robison's deposition testimony, that Robison first used or published the letters in the 1970s while employed at Hollier and Marks. See Record Document 17 at 3. Cardiology Associates also contends that Robison has no evidence to link her certificate of registration, which references "Professional Medical Office Collections," to the letters at issue in this suit. See id. at 2.

Conversely, also relying on her deposition testimony, Robison maintains that the letters drafted and used by her at Hollier and Marks are not the letters at issue in this case. See Record Document 20 at 1. Robison maintains that she did not create the letters at issue in this case until 1986. See id. at 2. Further, Robison declares in an affidavit that the letters at issue in this case are indeed the subject of the Copyright Registration submitted by her. See id., Exhibit A.

Based on the deposition testimony and other record evidence submitted to date in this case, the Court finds that the facts at this stage of the litigation are unclear and somewhat confusing. Simply put, summary judgment at this stage is inappropriate as there is insufficient clarity of fact on issues material to the case.[1]  Accordingly,

---

[1] Robison argued in her opposition brief that summary judgment in this case is premature, as relevant discovery is still outstanding. See Record Document 16 at 3. Robison asks the Court to dismiss or continue the motion for summary judgment on grounds of prematurity. See id. The Court was cognizant of the aforementioned arguments presented by Robison in ruling on the motion for summary judgment and notes that further discovery may actually resolve some of the factual disputes in this case.

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 8) filed by Defendant Cardiology Associates, L.L.C. be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 30th day of May, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE