UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAYN ROBISON | CIVIL ACTION NO. 05-1581 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CARDIOLOGY ASSOCIATES, L.L.C. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Strike Portions of Affidavit Testimony of Plaintiff Offered in Opposition to Defendant's Second Motion for Summary Judgment (Record Document 70) filed by Defendant Cardiology Associates. Cardiology Associates moves to strike three statements, which relate to the creation and publication dates of the letters at issue in this case, in Plaintiff Jayn Robison's ("Robison") affidavit because the statements purportedly contradict her prior deposition testimony. The challenged statements include:

    1.    I wrote the series of letters contained in Exhibit A to this affidavit in 1986.

    4.    The letters contained in Exhibit A were not published prior to the time I filed my copyright application for them.

    7.    I used neither the letters in Exhibit A nor a substantially similar precursor to them while I was employed by Hollier and Marks in the 1970s.

Record Document 67, Exhibit 2. Cardiology Associates maintains that these statements clearly impeach, without explanation, Robison's sworn deposition testimony. According to Cardiology Associates, Robison "unequivocally testified in her deposition that the letters at issue in this lawsuit were created and published in the 1970s while she was employed at Hollier and Marks." Record Document 70-2 at 5. Cardiology Associates argues that

Robison is attempting to create a genuine issue of material fact, thus preventing summary judgment. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5 Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony."); see also Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472 (5th Cir. 2002); Doe v. Dallas Independent School District, 220 F.3d 380 (5th Cir. 2000); Thurman v. Sears, Roebuck & Co., 952 F.2d 128 (5th Cir. 1992); Albertson v. T.J. Stevenson & Co., Inc., 749 F.2d 223 (5th Cir. 1984).

Robison opposes the motion to strike on multiple grounds. See Record Document 83. First, she distinguishes the cases cited by Cardiology Associates, noting that none of the cases deal with striking evidence from the record. Instead, the cases address whether record evidence is sufficient to create a genuine issue of material fact, thus avoiding summary judgment. The cases do not provide support for striking Robison's affidavit from the summary judgment record. Robison concedes that it is well settled in the Fifth Circuit that "when the sole evidence purporting to create a genuine issue of material fact and thus to preclude summary judgment is an affidavit that conflicts with deposition testimony, we have required an explanation of that conflict." Copeland, 278 F.3d at 482. Under this standard, Robison maintains that her affidavit is not the sole evidence establishing the existence of a material issue of fact; that her deposition testimony was ambiguous; and that her affidavit and deposition testimony are not inconsistent when her deposition is read in its entirety. At most, Robison believes that her deposition is internally inconsistent, thus preventing Cardiology Associates' impeachment argument.

The Court has reviewed both Robison's deposition testimony and the challenged

affidavit. Simply put, Robison's deposition lacks clarity and is ambiguous. As argued by Robison in her opposition to the motion to strike, defense counsel used the phrase "these letters" and "those letters" loosely during the deposition. It is unclear whether the letters Robison used in the 1970s are one in the same with the letters she created in 1986 and copyrighted in 1990. This is not a case of impeachment. Rather, it is a case of unclear answers given to ambiguous questions, thereby creating credibility issues and/or fact questions. Yet, even if this Court assumes that Robison's affidavit did in fact impeach her sworn deposition testimony, she has presented a satisfactory explanation, namely an attempt to explain ambiguities in her deposition testimony that resulted from unclear communication, as to why her testimony has changed. See S.W.S. Erectors, Inc., 72 F.3d at 495 (5 Cir. 1996).

Moreover, the Court has found guidance in two district court cases, which rely on Fifth Circuit case law. In Sandras v. Freeport-McMoran, 889 F.Supp. 901 (E.D.La. 1995), the court was faced with "a genuine contradiction of fact" and reasoned that "the fact that the conflict arises between plaintiff's deposition and his own affidavit is of no moment, for the Fifth Circuit has instructed that a court must consider all evidence before it on a motion for summary judgment, 'including affidavits that conflict with deposition testimony.'" Id. at 903, citing Dibidale v. American Bank & Trust Co., 916 F.2d 300, 307 (5th Cir.1990). The court went on to state that "a genuine issue of material fact may be raised by such an affidavit even if it conflicts with earlier testimony in the party's deposition." Id. (internal quotations and citations omitted). Likewise, in Ramos v. Geddes, 137 F.R.D. 11 (S.D.Tex. 1991), the court noted:

> Not every discrepancy between an affidavit and prior deposition testimony indicates a sham, and use of an affidavit to clarify a deponent's confusion during a deposition is appropriate. To the extent there is confusion or contradiction between . . . deposition testimony and [an] affidavit, they present credibility issues that are properly put to the trier of fact. A genuine issue of fact can be raised by an affidavit even if it conflicts with earlier deposition testimony by the same person.

Id. at 12 (internal citations omitted). Based on the aforementioned reasoning and case law, this Court will deny the motion to strike, as it must consider all evidence before it on a motion for summary judgment.

Accordingly,

**IT IS ORDERED** that the Motion to Strike Portion of Affidavit Testimony of Plaintiff Offered in Opposition to Defendant's Second Motion for Summary Judgment (Record Document 70) filed by Defendant Cardiology Associates be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 1st day of February, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE